


RECEIVED
2/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

JANE DOE, d/b/a TRUE TEA, Pro Se, Plaintiff,

v.

NATAVIA TONIA GARNER, a/k/a When Tay Talk, When Tay Talk 2, Defendant.

CIVIL COMPLAINT JURY TRIAL DEMANDED

1:26-cv-02301
Judge Charles P. Kocoras
Magistrate Judge Keri L. Holleb Hotaling
RANDOM/ Cat 2

I. INTRODUCTION

This action arises from a prolonged, coordinated campaign of defamation, cyberstalking, criminal impersonation, threats, abuse of judicial process, identity theft, extortion, and retaliatory platform interference carried out by Defendant Natavia Tonia Garner, acting individually and in concert with known and unknown co-conspirators.

Defendant initiated and directed a false identity narrative, encouraged others to dox Plaintiff, filed false police reports, abuse court processes to fraudulently obtain Plaintiff's identifying information, and retaliated against Plaintiff for engaging in protected speech and lawful legal activity.

Defendant's conduct escalated beyond reputational harm into credible threats of physical violence, coordinated intimidation, impersonation of federal law enforcement, and financial sabotage, including actions that resulted in the termination of Plaintiff's primary source of income.

Plaintiff brings this action to stop the ongoing harassment, preserve evidence, obtain injunctive relief, and recover damages.

II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds \$75,000, exclusive of interest and costs.

Plaintiff is a natural person and a citizen of the State of Illinois.

Defendant Natavia Tonia Garner is a natural person and, upon information and belief, a citizen of the State of Michigan.

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the harm was suffered in this District.

III. PARTIES

Plaintiff

Plaintiff is an individual proceeding under the pseudonym Jane Doe due to credible threats to and does business online under the professional name True Tea.

Defendant

Defendant Natavia Tonia Garner is an individual known online as When Tay Talk.

Non-Defendant Co-Conspirators and Doe Defendants

At all relevant times, Defendant acted in concert with others, including but not limited to the non-defendant co-conspirators:

Marcella Irish Boothe-Davis, a/k/a Speak With Your Girl Marcella, Vera Lynn Calvin (a/k/a PBE), Shi Tirado Lopez (a/k/a Caramel Rell), Felicia Brim Moore (a/k/a Drop the Mic), Wanda Moore L ShonuffWanda), Choclit Angel Handley (a/k/a Uppity Unicorn), Lashay Renee Ingram (a/k/a Shay Online), Sierra Lashay Moore (a/k/a Brown Skyn Gyrl),

and additional persons presently unknown ("Does 1–20") whose identities and involvement a expected to be revealed through discovery.

Plaintiff alleges that Natavia encouraged Lashay Renee Ingram to file a false police report again which Ingram did.

These individuals are not named as defendants at this time. Plaintiff expressly reserves the right this Complaint to add additional defendants, including individuals, business entities, or media platfor discovery reveals their involvement in the acts alleged herein.

IV. FACTUAL ALLEGATIONS

A. Plaintiff's Platform and Retaliatory Motive

Plaintiff operates online commentary platforms under the name True Tea, providing commentary on figures and reality television programming.

Plaintiff's reporting and advocacy generated public scrutiny and backlash from individuals, certain members and media entities.

Defendant developed animus toward Plaintiff and sought to silence, discredit, identify, and fina destroy Plaintiff.

At the outset of Defendant's campaign, Plaintiff had publicly initiated a GoFundMe campaign to fellow content creator, Helen Clark, in raising funds for legal representation in connection with which Clark was involved. At that same time, Defendant Natavia Tonia Garner was herself

defendant in a defamation and doxing lawsuit and was unable to afford legal counsel. Upon se successfully raise funds to assist another individual in retaining an attorney—while Plaintiff did no Defendant with financial assistance for Defendant's own legal defense—Defendant became angry retaliatory. Shortly thereafter, Defendant began spreading malicious and false rumors about Plai including the false claim that Plaintiff was secretly the daughter of the GoFundMe recipient Plaintiff and Clark were engaged in a fraudulent scheme. These knowingly false statements were discredit Plaintiff, undermine Plaintiff's credibility, and justify Defendant's subsequent harassment, defamation, and coordinated attacks.

B. Origin of the False Identity Narrative

Defendant originated and spread a false narrative concerning Plaintiff's identity and familial relationships.

Defendant has a documented pattern and history of falsely accusing individuals of being people not as a tactic to discredit and incite harassment.

Defendant knowingly made false public statements and encouraged others to repeat and amplify across platforms.

Defendant repeatedly fixated on Plaintiff and expressed an obsessive focus on Plaintiff's id movements, and personal history.

Defendant falsely told others that Plaintiff was mentally ill and had been arrested or jailed for a residence from which Plaintiff had been evicted.

An individual acting in concert with Defendant falsely stated that Plaintiff's mother was a pros worked out of a brothel.

An individual acting in concert with Defendant falsely claimed that Plaintiff's daughter was online threats, when Plaintiff does not have a daughter.

C. Coordinated Doxxing and Court Abuse

Defendant encouraged others to dox Plaintiff and to seek Plaintiff's identity through fraudulent filings.

Defendant encouraged co-conspirators to file false motions and petitions in court for the purpose requesting subpoenas or discovery, including subpoenas to Google or other platforms, to fraud obtain Plaintiff's identifying information.

Defendant knowingly used false identification to obtain a fraudulent Personal Protection Order ("PPO to lay groundwork to later seek court-ordered discovery of Plaintiff's identity.

Defendant falsely told members of the public that Plaintiff had an active PPO against her.

Defendant publicly stated that once Plaintiff's identity was obtained, Defendant and others inten report Plaintiff to district attorneys in multiple states, demonstrating an ongoing plan to file addi reports and continue abuse of legal process.

D. Criminal Impersonation and FBI Impersonation

Plaintiff has reason to believe that Defendant either directly impersonated or knowingly participated impersonation of a federal law-enforcement officer, specifically the FBI.

Plaintiff believes Defendant obtained Plaintiff's phone number and contacted Plaintiff while fa representing herself as a federal agent in an attempt to obtain Plaintiff's physical location.

These actions were taken to intimidate, locate, and endanger Plaintiff.

E. Cyberstalking, Hacking, and Financial Crimes

Defendant cyberstalked and harassed Plaintiff for over a year using burner accounts and coc associates.

During the course of this coordinated campaign, statements were made implying unauthorized surve or access to Plaintiff's devices.

During this same period, a fraudulent Cash App account was created using Plaintiff's YouTube phone number, and funds were stolen from Plaintiff's bank account.

F. Threats of Violence and Coordinated Intimidation

Defendant made public statements expressing fear that she would have to hurt someone.

Defendant claimed to be a licensed gun holder.

Defendant threatened Plaintiff with her family, stating her father is a Mason and her brother is society.

Plaintiff is genuinely afraid for her life.

G. Pattern of Similar Conduct Against Others

Upon information and belief, Defendant is part of a group called The Family, accused of similar intimidation, and defamation tactics against other individuals.

Some members of this group have active warrants and restraining orders.

H. Retaliatory Platform Sabotage

Defendant retaliated against Plaintiff by filing false reports with online platforms, resulting in termi... Plaintiff's primary online channel and significant financial harm.

I. Business Disparagement and Economic Harm

Defendant knowingly and maliciously disparaged Plaintiff's business by falsely telling others that Pl... website domain stole identities or engaged in fraud.

Defendant made these statements to prevent people from paying for Plaintiff's website membership.

As a direct and proximate result, Plaintiff lost customers, revenue, and business expectancy.

V. CAUSES OF ACTION

Count I – Defamation (Libel and Slander) Count II – Cyberstalking and Interstate Harassment ... Criminal Impersonation and False Personation Count IV – Abuse of Process and Perjury Count ... Theft and Fraud Count VI – Civil Extortion and Coercion Count VII – Civil Conspiracy Count ... Interference with Business Expectancy

VI. DAMAGES

Plaintiff seeks compensatory damages in an amount to be determined at trial but exce... $75,000, exclusive of interest and costs; punitive damages where permitted by law; costs of ... all other relief the Court deems just and proper.

Plaintiff further seeks recovery for lost business revenue, loss of prospective customers, reputationa... to her business, and economic damages caused by Defendant's false statements accusing Plaintiff's ... and domain of identity theft and fraud.

VII. INJUNCTIVE AND EQUITABLE RELIEF

Plaintiff seeks narrowly tailored injunctive relief prohibiting Defendant from engaging in further un... conduct toward Plaintiff.

VIII. LAW-ENFORCEMENT REFERRAL REQUEST

Plaintiff respectfully requests referral of credible evidence of criminal conduct to appropriate ... enforcement authorities.

IX. PRESERVATION AND DISCOVERY

Plaintiff seeks preservation of all relevant electronic evidence and reserves the right to am... Complaint.

X. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*Jane Doe*

Verified by pdfFiller
02/27/2026

Jane Doe, d/b/a True Tea Plaintiff, Pro Se