## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JANE DOE, D/B/A TRUE TEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26 C 2301 |
| | ) | |
| NATAVIA TONIA GARNER, A/K/A | ) | Judge Charles P. Kocoras |
| WHEN TAY TALK, WHEN TAY TALK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") [4] is denied without prejudice, with leave to refile an amended application or pay the filing fee by April 16, 2026. Plaintiff's motions to proceed under pseudonym [5] and [6] are also denied without prejudice. Plaintiff shall file an amended complaint disclosing her true legal name by April 16, 2026. Plaintiff is further directed to address the federal subject matter jurisdiction concern identified herein by clarifying her domicile by April 16, 2026. Failure to do so will result in the dismissal of this case without prejudice.

Plaintiff's Emergency Motion for Temporary Restraining Order and Expedited Discovery [7], Motion to Hold Defendant Natavia Garner Accountable for Doxxing and Harassment [9], Motion to Hold Defendant Natavia Garner Accountable for Harassment and Defamation by Co-Conspirator [10], and Emergency Motion for Protective Relief Regarding Harassment, Intimidation, and Threats by Defendant's

Associates [11] are denied without prejudice. Plaintiff may refile these motions once the Court has received (1) an amended complaint identifying Defendant's legal name, (2) either an amended IFP application or payment of the filing fee, and (3) clarification of Plaintiff's domicile for purposes of establishing federal subject matter jurisdiction. See Statement.

## STATEMENT

### I. Subject Matter Jurisdiction

Plaintiff, proceeding *pro se*, brings this action against a single named defendant for various state law claims, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). At the outset, the Court *sua sponte* raises a concern regarding subject matter jurisdiction.

Federal courts acquire subject matter jurisdiction in two principal ways. Under 28 U.S.C. § 1331, federal question jurisdiction exists when a claim arises under the Constitution, laws, or treaties of the United States. Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff invokes diversity jurisdiction, alleging that she is a citizen of Illinois and that Defendant Natavia Tonia Garner is a citizen of Michigan.

For diversity purposes, an individual's citizenship is determined by her domicile—that is, her physical presence in a state combined with the intent to remain there indefinitely. *Shea v. Koehler*, 2019 WL 7708931, at *2 (N.D. Ill. 2019), *report*

*and recommendation adopted*, 2019 WL 6001943 (N.D. Ill. 2019), *aff'd*, 830 F. App'x 781 (7th Cir. 2020). Courts consider several factors when determining domicile, including "current residence, place of employment, location of property, voter registration, driver's license registration and payment of taxes." *Id.*

The Court notes that Plaintiff alleges she is a citizen of Illinois, yet the mailing address she provided to the Clerk's Office is in Kentucky. This discrepancy raises a question as to Plaintiff's actual domicile and, consequently, whether complete diversity of citizenship exists. If Plaintiff wishes to proceed with this action, she is directed to address the federal subject matter jurisdiction concern identified herein by April 16, 2026.

## II.     Application to Proceed IFP

Before the Court is Plaintiff's application to proceed IFP [4]. Title 28 U.S.C. § 1915(a) permits a court to authorize a plaintiff to proceed without prepaying fees if she is unable to pay. Proceeding IFP "is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014). "To qualify for IFP status, a plaintiff must fully disclose her financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F. Supp. 3d 715, 717 (N.D. Ill. 2021). Plaintiffs are eligible to proceed IFP if paying the filing fee would prevent them from purchasing the basic necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

3

The Court has reviewed the application and finds it inadequate. Plaintiff states that she has not been employed since approximately 2022—roughly four years ago— yet provides no explanation of how she has supported herself and her dependent during that period. Plaintiff reports receiving $3,000 in gifts and $27,000 in funds from "self-employment, business, or profession" over the past twelve months, while listing a single dependent and reporting debts of "thousands of dollars." With respect to assets and bank accounts, Plaintiff checks "no" to both. The application does not explain how Plaintiff has met basic living expenses—food, housing, and utilities—if she has had no employment or savings or a bank account. The Court cannot "accept the implausible claim that [Plaintiff] obtained the basic necessities of life . . . with no visible means of support." *See Robie v. Thompson*, No. 22-cv-6354, Dkt. # 5 (N.D. Ill. 2022).

Plaintiff's IFP application [4] is denied without prejudice with leave to refile. By April 16, 2026, Plaintiff must file a new IFP application answering every question completely and accurately. If her reported income remains at or near zero, Plaintiff must explain in writing, on the application itself, how she has obtained life's basic necessities—including food, housing, and utilities. Failure to file an amended IFP application by that date or pay the filing fee may result in dismissal of this action without prejudice.

### III.  Motion to Proceed Under Pseudonym

Plaintiff moves for leave to proceed in this action under the pseudonym "Jane Doe" [5] and [6]. The motions are denied.

In the Seventh Circuit, "the use of fictitious names is disfavored," and courts have "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Roe v. Dettelbach*, 59 F.4th 255, 259–60 (7th Cir. 2023) (internal quotation marks and citation omitted). The Seventh Circuit has "limited anonymity to cases in which there is a danger of retaliation, and when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Dettelbach*, 59 F.4th at 259 (citation modified). "Only exceptional circumstances justify the use of a fictitious name for an adult party." *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) (internal quotation marks and citation omitted). Such circumstances require "[a] substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). The burden is on the plaintiff to demonstrate that her privacy interests outweigh the public's and the defendant's interests in open proceedings. *Doe v. Cook Cnty.*, 542 F. Supp. 3d 779, 790 (N.D. Ill. 2021).

Plaintiff has not met that burden here. First, Plaintiff's asserted concern about reputational harm is a nonstarter. Proceeding anonymously merely to avoid embarrassment or reputational damage is an insufficient basis for pseudonymous litigation. *See Trs. of Ind. Univ.*, 101 F.4th at 491–92. Second, Plaintiff's generalized references to "threats" and "harassment" do not rise to the level of a substantial risk of physical harm or retaliation sufficient to warrant a pseudonym. "[G]eneralized risks of

5

harm are insufficient grounds for anonymity." *Doe v. First Advantage Background Servs. Corp.*, 699 F. Supp. 3d 739, 745 (S.D. Ind. 2023).

Third, the relief Plaintiff seeks is in tension with the litigation posture she has chosen. The Court has reviewed Plaintiff's various filings, including the video exhibits depicting online commentary by upset individuals, several of whom appear to be listed as "key non-defendant co-conspirators" in the complaint. Dkt. # 1. The complaint further expressly reserves the right to amend to name these individuals as defendants once "discovery reveals their involvement in the acts alleged herein." *Id.* Plaintiff cannot have it both ways. She may not shield her own identity from public view while filing a federal lawsuit that identifies other individuals by name, publicly associates them with allegations of serious criminal misconduct,[1] and expressly contemplates naming them as defendants. The asymmetry of that posture weighs heavily against granting anonymity. *See*, *e.g.*, *Trs. of Ind. Univ.*, 101 F.4th at 491–92 ("Why should a plaintiff be able to shield himself from public knowledge of his acts when throwing a harsh light on identified defendants? If there should be a difference, it ought to run the other way—as plaintiffs enjoy an absolute privilege against claims of defamation for what they say in their complaints and briefs.").

Plaintiff's motions to proceed under pseudonym [5] and [6] are therefore denied. Plaintiff shall have until April 16, 2026 to file an amended complaint that discloses her

---

[1] This is a civil case. To the extent Plaintiff believes she has evidence of criminal activity, or believes she is in danger of physical harm, she should report her concerns to the appropriate law enforcement authorities immediately.

6

true legal name in the caption and all subsequent filings, consistent with Federal Rule of Civil Procedure 10(a).

**CONCLUSION**

For the foregoing reasons:

1. Plaintiff is directed to address the subject matter jurisdiction concern identified herein by clarifying her domicile by April 16, 2026.

2. Plaintiff's application to proceed *in forma pauperis* [4] is denied without prejudice, with leave to refile an amended application by April 16, 2026.

3. Plaintiff's motions to proceed under pseudonym [5] and [6] are denied without prejudice. Plaintiff shall file an amended complaint disclosing her true legal name by April 16, 2026.

4. Plaintiff's Emergency Motion for Temporary Restraining Order and Expedited Discovery [7], Motion to Hold Defendant Natavia Garner Accountable for Doxxing and Harassment [9], Motion to Hold Defendant Natavia Garner Accountable for Harassment and Defamation by Co-Conspirator [10], and Emergency Motion for Protective Relief Regarding Harassment, Intimidation, and Threats by Defendant's Associates [11] are denied without prejudice. Plaintiff may refile these motions once the Court has received: an amended complaint identifying Defendant's legal name; either an amended IFP application or payment of the filing fee; and

clarification of Plaintiff's domicile for purposes of establishing federal subject matter jurisdiction.

5. Failure to comply with this Order by April 16, 2026 may result in dismissal of this action without prejudice.

It is so ordered.

Charles P. Kocoras
United States District Judge

Dated: 3/17/2026